# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2026

Lyle W. Cayce
Clerk

No. 25-50336
Summary Calendar

───────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Asha Kisindja,

*Defendant—Appellant*.

───────────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-1607-1

───────────────────────────────────

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Asha Kisindja pleaded guilty to conspiring to transport illegal aliens resulting in death, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (B)(iv). On appeal, she contends that the district court failed to properly ensure that she understood the nature of the charge and that there was an insufficient factual basis for her guilty plea.

───────────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Because she did not object to any Federal Rule of Criminal Procedure 11 errors in the district court, our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). To establish plain error, Kisindja must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court may correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"Rule 11 does not require the district court to explicate the specific elements of each charge." *United States v. Santiago*, 96 F.4th 834, 843 (5th Cir. 2024). Rather, the district court must "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). Here, the record reflects that the district court sufficiently confirmed Kisindja's understanding of the conspiracy charge. *See Santiago*, 96 F.4th at 843; *United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001). Because a reasonable person would not doubt that Kisindja understood the charge, she has not shown any clear or obvious error in regard to compliance with Rule 11(b)(1)(G). *See Puckett*, 556 U.S. at 135; *Santiago*, 96 F.4th at 843.

As to Kisindja's next issue, the district court may not enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). Because our review is for plain error, we may consult the entire record. *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). In light of that record, including the written factual basis, the presentence report, and Kisindja's statements at sentencing, Kisindja has not met her burden of showing that the district court committed clear or obvious error in determining that the factual basis was sufficient to support her plea. *See Puckett*, 556 U.S. at 135; *United States v.*

No. 25-50336

*Jimenez-Elvirez*, 862 F.3d 527, 533-34 (5th Cir. 2017).  Accordingly, the judgment of the district court is AFFIRMED.